## TABOR *v.* TABOR.

*(Superior Court of New York City, General Term.*   December 14, 1891.)

1. ACTION FOR DIVORCE—PRACTICE—DISMISSAL FOR WANT OF PROSECUTION.
   In an action by a wife for divorce, defendant was arrested on affidavits setting forth his intention to leave the state, and committed to jail. Defendant, after seven months' confinement in jail, moved to dismiss the complaint for want of prosecution. Plaintiff averred that she had not the means wherewith to prosecute the action by reason of defendant's non-payment of alimony, and that, by reason of such non-payment, defendant was in contempt, and not entitled to move for dismissal of the complaint. *Held* that, no proceedings for contempt having been instituted, defendant was not imprisoned for contempt, and that the court properly ordered a dismissal, unless plaintiff should notice the cause for trial at the next term of the court.

2. SAME—DISCRETION OF COURT.
   Code Civil Proc. § 822, provides that when plaintiff unreasonably neglects to proceed in his action "the court may, in its discretion," on the application of defendant, dismiss the complaint, and render judgment accordingly. Rule 36, Gen. Rules. Prac., provides that defendant may make such application "at any time after younger issues have been tried in their regular order." *Held* that, younger issues having been tried in the present case, the court exercised a discretion in granting defendant's motion, and that the same should not be disturbed.

Appeal from special term.

Action by Ella B. Tabor against Edward L. Tabor for divorce. From an order granting defendant's motion to dismiss the complaint for neglect to prosecute, plaintiff appeals. Affirmed.

Argued before McADAM and GILDERSLEEVE, JJ.

*Edward Grosse*, for appellant. *Isaac N. Miller*, for respondent.

GILDERSLEEVE, J. This action was for a separation, and was begun on March 26, 1891. The defendant was arrested on that day, on affidavits setting forth his alleged intention of leaving the state. He was held to bail, and subsequently surrendered by his bondsmen, on the 29th day of April, 1891, to the custody of the sheriff, since which time he has been in Ludlow-Street jail. The answer was served on the 15th of April, 1891, and the plaintiff, after obtaining a number of extensions, served a reply on the 2d day of July. The case was not noticed for trial, nor placed upon the calendar for the October or November terms, and younger issues had been tried in their regular order on the special term calendar of this court before this motion to dismiss was made. The plaintiff gave, as a reason for her neglect to bring the action to trial, the fact that the defendant has neglected to comply with the order of the court requiring him to pay alimony and counsel fee, and that she has not the means to prosecute her action. The learned counsel for the plaintiff urges in his brief that the defendant, being in contempt for non-payment of alimony due April 20th, was not in a position to move to dismiss the complaint. This position cannot be maintained. The defendant is in custody because he was surrendered by the bondsmen who became his surety at the time of his arrest, upon the ground, as was alleged, that it was defendant's intention to leave the state. He is not imprisoned for contempt of court, as no proceedings have been taken to punish him for contempt. The motion herein, therefore, presented the usual questions arising upon motions to dismiss for want of prosecution, with the aggravated circumstance in favor of the moving party that he had been seven months in prison, with a strong probability of being obliged to remain there for the balance of his life, unless relieved by the trial and determination of this action. Section 822 of the Code provides that, "where the plaintiff unreasonably neglects to proceed in the action against the defendant, or one or more defendants, against whom a separate judgment may be taken, the court may, in its discretion, upon the application of the defendant or defendants, or any of them, against whom he so neglects to proceed, dismiss the complaint as against the moving party or parties, and render judgment accordingly." Rule 36 of the general rules of practice provides that defendant may make the motion to dismiss, under said section 822 of the Code, "at any time after younger issues shall have been tried in their regular order;" and it further provides that, "if it be made to appear to the court that the neglect of the plaintiff to bring the action to trial has not been unreasonable, the court may permit the plaintiff, on such terms as may be just, to bring the said action to trial at a future term or circuit." This section of the Code, supplemented by this rule, makes it discretionary with the court to grant or refuse the motion, and to impose such terms as it thinks proper, and an appellate tribunal will interfere only when the discretion has been abused or improperly exercised. See *James* v. *Shea*, 2 Civil Proc. R. 358, (supreme court, general term, first department, DAVIS, P. J.) In the case at bar we do not think that the special term either abused or improperly exercised its discretion. The order appealed from is modified by allowing plaintiff to notice the cause for the January term, instead of the December term, as provided in the order, and, thus modified, is affirmed, with $10 costs.